UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__5/15/2024__

CHARLES ROBBINS,

     Plaintiff,

  -v-

CANDY DIGITAL INC., FANATICS, LLC, FANATICS
HOLDINGS, INC., SCOTT LAWIN and ANTHONY
FITZGERALD,

     Defendants.

------------------------------------------------------------------------X

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

23-cv-10619 (LJL)

MEMORANDUM AND
ORDER

LEWIS J. LIMAN, United States District Judge:

  Defendants move for an order staying discovery pending a decision on their respective

motions to dismiss.  Dkt. Nos. 61, 63.  The motions to stay discovery are denied.

  "A motion to dismiss does not automatically stay discovery, except in cases covered by

the Private Securities Litigation Reform Act."  *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle*

*Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).  Thus, "discovery should not be routinely

stayed simply on the basis that a motion to dismiss has been filed."  *Id.* (quoting *Moran v.*

*Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992)).  "Merely because these defendants

filed an early dispositive motion does not in and of itself give rise to justification to warrant a

stay."  *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 359 (E.D.N.Y. 1991).

  Upon a showing of "good cause," the court may grant a motion to stay discovery pending

decision on a motion to dismiss.  *See* Fed. R. Civ. P. 16(b)(4) (discovery schedule "may be

modified only for good cause and with the judge's consent"); Fed. R. Civ. P. 26(c)–(d); *see also*

*Ass'n Fe y Allegria v. Republic of Ecuador*, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999)

("Together, these provisions enable the district court to stay discovery where resolution of a preliminary motion may dispose of the entire action."). "Courts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Hong Leong*, 297 F.R.D. at 72 (quoting *Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)).

The strength of Defendants' motions does not justify a stay of discovery. Defendants Candy Digital Inc., Scott Lawin, and Anthony Fitzgerald (the "Candy Digital Defendants") make strong arguments that Plaintiff has failed to plead a claim for unlawful interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") because Plaintiff was not eligible for such leave at the time he requested it and, based upon that request, his employment was terminated. Dkt. Nos. 34, 59. Defendants Fanatics Holdings, Inc. and Fanatics, LLC (the "Fanatics Defendants") also make strong arguments that Plaintiff has not sufficiently alleged that they were his employer or that a joint employment relationship existed. Dkt. Nos. 39, 60. However, Plaintiff makes strong arguments that the document upon which the Candy Digital Defendants rely is not cognizable on a motion to dismiss, that the Court should not convert the motion to one for summary judgment at the outset of the case, and that, in any event, Plaintiff would have been eligible for FMLA leave when he planned to take it and that he was unlawfully terminated in retaliation for protected activity. Dkt. No. 54. In response to the arguments of the Fanatics Defendants, Plaintiff argues that he has sufficiently alleged an employment relationship and that any defects in his pleading can be cured by amendment. Dkt. No. 52. "With strong arguments on both sides," *Guiffre v. Maxwell*, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016), Defendants' arguments do not supply the requisite "substantial grounds for dismissal" or, under the alternative formulation articulated by Judge Gorenstein, "strong showing that [the party

2

moving for the stay] is likely to succeed on the merits," *Cambridge Cap. LLC v. Ruby Has LLC*, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021) (alterations in original) (quoting *Hong Leong*, 297 F.R.D. at 72).

Nor have Defendants shown that the breadth of discovery sought justifies a stay of discovery.  The Fanatics Defendants do not attach Plaintiff's discovery requests to their motion. They argue simply that the discovery sought is broad because it seeks information regarding "Defendants' corporate structure, operations, employment policies, and labor relations," from them while also seeking discovery from the Candy Digital Defendants, and that in their initial disclosures, Plaintiff has listed 35 individuals who are purported to have knowledge of the allegations in the complaint.  Dkt. No. 61 at 3.  The Candy Digital Defendants attach Plaintiff's discovery requests but the most that they draw from them is that "Plaintiff has identified 35 individuals with discoverable information and served 34 document requests and 7 interrogatories."  Dkt. No. 63 at 2.  But the discovery that Plaintiff seeks from the Fanatics Defendants is not exceptional—the Fanatics Defendants have put at issue whether there was a joint employment relationship.  Certain of the discovery would be obtainable under Rule 45, if not under Rule 34, even if the Fanatics Defendants were not named in the complaint.  And, as Plaintiff argues, the number of individuals Plaintiff lists on the Initial Disclosures is not itself revealing of the extent of discovery that will be necessary in this case.  Dkt. No. 64 at 3.  Rule 26(a)(1)(i) requires each party to list the individuals "likely to have discoverable information . . . that the disclosing party *may* use to support its claims or defenses."  Fed. R. Civ. P. 26(a)(1)(i) (emphasis added).  That list provides an initial set of potential deponents; it does not commit either party to deposing each individual named.  More broadly, based on the Court's preliminary review, the number of document requests and the information they seek do not appear to be so

extensive as to warrant a stay of discovery.  The relevant time period for the requests is relatively short—from November 1, 2021 to the present.  Dkt. No. 63-1 at ECF p. 21.  To the extent that Defendants complain that certain individual document requests are overbroad or certain interrogatories exceed the Federal or Local Rules, the appropriate response is for Defendants to interpose those objections in their responses and to attempt to meet and confer with Plaintiff.  Fed. R. Civ. P. 33(b)(4), 34(b)(2)(C).  If, after attempting to meet and confer, no agreement is reached, then Defendants may seek a protective order from the Court.  Fed. R. Civ. P. 26(c)(1); *see Cambridge Cap.*, 2021 WL 2413320, at *3.

Plaintiff does not articulate any specific prejudice he would suffer from a stay in this case.  Dkt. No. 64 at 3.  "However, lack of prejudice alone does not merit a stay." *Bennett v. Cuomo*, 2023 WL 2021560, at *5 (S.D.N.Y. Feb. 15, 2023).  "To hold otherwise would be contrary to the general presumption that a motion to dismiss does not stay discovery save in a case under the Private Securities Litigation Reform Act." *Bertrand v. Dep't of Educ., Archdiocese of N.Y.*, 2023 WL 2776015, at *3 (S.D.N.Y. Apr. 4, 2023).

## CONCLUSION

For the foregoing reasons, Defendants' motions to stay discovery are DENIED.  The Clerk of Court is respectfully directed to close Dkt. Nos. 61 and 63.

SO ORDERED.

Dated: May 15, 2024
      New York, New York
                                 LEWIS J. LIMAN
                          United States District Judge