UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

.......................................................................................X
:
CHARLES ROBBINS,                                                        :
:
                                    Plaintiff(s),                       :
:                              1:23-cv-10619(LJL)
                    -v-                                                  :
:                              AMENDED
CANDY DIGITAL INC., FANATICS, LLC,                                       :
FANATICS HOLDINGS, INC., SCOTT LAWIN and         :                      PROTECTIVE ORDER
ANTHONY FITZGERALD,                                                      :
:
                                    Defendant(s).        X
.......................................................................................

LEWIS J. LIMAN, United States District Judge:

      WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

      WHEREAS, the Parties, through counsel, agree to the following terms;

      WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

      WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

      WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

      IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "FOR OUTSIDE ATTORNEYS' & EXPERTS' EYES ONLY" pursuant to the terms of this Protective Order (collectively hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person, including any third-party who is producing documents related to this action,  producing any given Discovery Material may designate as Confidential or "FOR OUTSIDE ATTORNEYS' & EXPERTS' EYES ONLY" only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

         (a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

         (b) previously nondisclosed material relating to ownership or control of any non-public company;

         (c) previously nondisclosed business plans, product development information, marketing plans;

         (d) any information of a personal or intimate nature regarding any individual;

         (e) any information of a personal, medical, or intimate nature regarding any individual, including confidential patient  information  as  well  as  information  protected  by the  Health  Insurance Portability and Accountability Act (HIPAA); or

         (f) any other category of information hereinafter given confidential status by the Court.

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "FOR OUTSIDE ATTORNEYS' & EXPERTS' EYES ONLY" by: (a) stamping or otherwise clearly marking as "Confidential" or "FOR OUTSIDE ATTORNEYS' & EXPERTS' EYES ONLY" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.      With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential or "FOR OUTSIDE ATTORNEYS' & EXPERTS' EYES ONLY" or either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated

2

testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "FOR OUTSIDE ATTORNEYS' & EXPERTS' EYES ONLY" ; (b) for such portions designated as Confidential, notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or "FOR OUTSIDE ATTORNEYS' & EXPERTS' EYES ONLY", in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter for which during the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential; and (c) when indicated on the record during the deposition that a question calls for is "FOR OUTSIDE ATTORNEYS' & EXPERTS' EYES ONLY" that all persons not enumerated in Paragraph 7 either physically leave the room, or are disconnected from the platform through which the deposition is being conducted.

5.     If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential or "FOR OUTSIDE ATTORNEYS' & EXPERTS' EYES ONLY", she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential or "FOR OUTSIDE ATTORNEYS' & EXPERTS' EYES ONLY" under the terms of this Protective Order.

6.     No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) In house counsel to the parties

(b) the Parties to this action, their insurers, and counsel to their insurers;

(c) outside counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(d) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(g) any witness who counsel for a Party in good faith believes may be called to

testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(i) stenographers engaged to transcribe depositions conducted in this action; and

(j) this Court, including any appellate court, and the court reporters and support personnel for the same.

7.      No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "FOR OUTSIDE ATTORNEYS' & EXPERTS' EYES ONLY" as to any person, except for any person referred to in subparagraphs 6(c), 6(d), 6(e), 6(f), 6(h), 6(i), 6(j).

8.      Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d), 6(f), 6(g), 7(c), or 7(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.      Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(C) of this Court's Individual Practices in Civil Cases.

10.     Any Party who requests additional limits on disclosure may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(C) of this Court's Individual Practices in Civil Cases

11.     A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

12.     Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action.  Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

13.     Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

14.     All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 2(H) of this Court's Individual Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

15.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

16.     Any Party filing a motion or any other papers with the Court under seal shall also provisionally publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material, and (a) within ten (10) days of the filing that a motion for a sealing/redaction order is made and (b) that if no sealing or redaction order is made within that time limit, the filing party shall publicly file any documents or briefing that was filed as redacted or sealed.

17.     Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18.     Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

19.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "FOR OUTSIDE ATTORNEYS' & EXPERTS' EYES ONLY," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

20.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: 11/11/2024

Attorneys for Candy Digital, Inc.,
Scott Lawin, and Anthony
Fitzgerald

Dated:  11.11.2024

Attorneys for Fanatics, LLC and Fanatics
Holding, Inc.

Dated: 11/11/2024

Attorneys for Charles Robbins

SO ORDERED.

Date: 11/12/24

LEWIS J. LIMAN
United States District Judge

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

..................................................................X
                                                        :
CHARLES ROBBINS                                         :
                                                        :
                        Plaintiff(s),                   :
                                                        :        1:23-cv-10619 (LJL)
             -v-                                        :
                                                        :        NON-DISCLOSURE
CANDY DIGITAL INC., FANATICS, LLC,                      :        AGREEMENT
FANATICS HOLDINGS, INC., SCOTT LAWIN and               :
ANTHONY FITZGERALD,                                     :
                                                        :
                                                        X
                        Defendant(s).

..................................................................

LEWIS J. LIMAN, United States District Judge:

        I,_____, acknowledge that I have read and understand the
Protective Order in this action governing the non-disclosure of those portions of Discovery
Material that have been designated as Confidential or FOR OUTSIDE ATTORNEYS' &
EXPERTS' EYES ONLY. I agree that I will not disclose such Confidential Discovery Material
to anyone other than for purposes of this litigation and that at the conclusion of the litigation I
will either return all discovery information to the party or attorney from whom I received it, or
upon permission of the producing party, destroy such discovery information. By
acknowledging these obligations under the Protective Order, I understand that I am submitting
myself to the jurisdiction of the United States District Court for the Southern District of New
York for the purpose of any issue or dispute arising hereunder and that my willful violation of
any term of the Protective Order could subject me to punishment for contempt of Court.


Dated: _____            _____