```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
CHARLES ROBBINS,                                                 :
                                                                 :
                              Plaintiff,                         :
                                                                 :      23-cv-10619 (LJL)
              -v-                                                :
                                                                 :      MEMORANDUM AND
CANDY DIGITAL INC., FANATICS, LLC, FANATICS                      :           ORDER
HOLDINGS, INC., SCOTT LAWIN and ANTHONY                          :
FITZGERALD,                                                      :
                                                                 :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/27/2025

LEWIS J. LIMAN, United States District Judge:

Defendants Fanatics, LLC and Fanatics Holdings, Inc. (the "Fanatics Defendants") move for a stay of all discovery or, in the alternative, for a stay of all discovery involving the Fanatics Defendants, pending resolution of the Fanatics Defendants' anticipated motion to dismiss. Dkt. No. 96. Plaintiff opposes the motion. Dkt. No. 97. For the following reasons, the motion to stay discovery is denied.

A court may grant a motion to stay discovery pending decision on a motion for dismiss upon a showing of good cause by the moving party. *See P.C. v. Driscoll*, 2024 WL 3606511, at *1 (S.D.N.Y. July 30, 2024); Fed. R. Civ. P. 16(b)(4), 26(c)–(d). Courts consider "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Cota v. Art Brand Studios, LLC*, 2022 WL 767110, at *1 (S.D.N.Y. Mar. 14, 2022) (quoting *Hong Leong Finance Limited (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. May 22, 2013)).

Here, the Fanatics Defendants rely primarily on the strength of their anticipated motion to dismiss, stating that Plaintiff's Amended Complaint has "failed to cure the fatal pleading deficiencies" of the original Complaint. Dkt. No. 96 at 2. However, Plaintiff's Amended Complaint adds a number of allegations relevant to whether the Fanatics Defendants employed Plaintiff as a joint employer or otherwise, such as that Plaintiff interviewed with the Fanatics Holdings, Inc. before being hired. Dkt. No. 88 ¶¶ 17–42. The Amended Complaint significantly strengthens Plaintiff's case on the issue of employment by the Fanatics Defendants. At this point, and keeping in mind that the Fanatics Defendants' motion to dismiss has not yet been filed, it is not obvious that such a motion is "likely to succeed on the merits." *Cota*, 2022 WL 767110, at *1. As to the burden of discovery, the Court recognized in a previous order in this case that "[c]ertain of the discovery would be obtainable under Rule 45, if not under Rule 34, even if the Fanatics Defendants were not named in the complaint." *Robbins v. Candy Digital Inc.*, 2024 WL 2221362, at *2 (S.D.N.Y. May 15, 2024). This remains true here, and suggests that continuing with discovery during the pendency of the motion to dismiss would not significantly prejudice the Fanatics Defendants.

On the other hand, given that discovery will proceed against the remaining defendants, exempting the Candy Defendants from discovery could significantly prejudice Plaintiffs and result in unnecessary delay and expense. In the next several months, the parties must conduct depositions and resolve a number of outstanding discovery issues. Dkt. No. 97 at 3; *see* Dkt. No. 79. If a stay were granted, Plaintiff would be required to complete this discovery now with the remaining defendants and then, if the Fanatics Defendants' motion to dismiss is denied, redo the same discovery again with the Fanatics Defendants. This resolution is not sensible given the balance of the preceding factors. The Fanatics Defendants will not clearly be dismissed from the

case, and they are not significantly burdened by being forced to undergo discovery as a party that they would likely be significantly involved with in any case as a non-party. Weighing these factors against the burdens and inefficiencies that would be created by bifurcating discovery, the Fanatics Defendants have not shown good cause to stay discovery.

The motion to stay discovery is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 96.

SO ORDERED.

Dated: January 27, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge