```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
CHARLES ROBBINS,                                                   :
                                                                   :
                              Plaintiff,                           :
                                                                   :       23-cv-10619 (LJL)
              -v-                                                  :
                                                                   :              ORDER
CANDY DIGITAL, INC., FANATICS, LLC,                                :
FANATICS HOLDINGS, INC., SCOTT LAWIN,                              :
ANTHONY FITZGERALD,                                                :
                                                                   :
                              Defendant.                           X
-------------------------------------------------------------------
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/03/2025

LEWIS J. LIMAN, United States District Judge:

Defendants Candy Digital Inc. ("Candy"), Scott Lawin, and Anthony Fitzgerald (collectively, "Candy Defendants") move to stay all discovery in this action pending the outcome of Candy Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("Amended Complaint"), simultaneously filed with the Court on January 29, 2025. Dkt. No. 101.

Upon a showing of "good cause," the court may grant a motion to stay discovery pending decision on a motion to dismiss. *See* Fed. R. Civ. P. 16(b)(4) (a discovery schedule "may be modified only for good cause and with the judge's consent"); Fed. R. Civ. P. 26(c)–(d); *see also Ass'n Fe y Allegria v. Republic of Ecuador*, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999) ("Together, these provisions enable the district court to stay discovery where resolution of a preliminary motion may dispose of the entire action."). "Courts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quoting *Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)).

The Candy Defendants have moved to dismiss the Amended Complaint on the grounds of collateral estoppel. Dkt. Nos. 99, 100. That motion is based on a Decision and Order of the New York Supreme Court on January 21, 2025, rejecting Plaintiff's challenge to an administrative finding that Plaintiff was terminated from his employment as part of a reduction in force based on performance issues, not based on his familial/caregiver status. Dkt. No. 100-5. That determination, if given preclusive effect, would bar most if not all of Plaintiff's claims in this litigation. The burden of discovery, if the case is not stayed, would be great and may well prove to have been entirely unnecessary. *See* Dkt. No. 97 at 3 (noting that "there are numerous outstanding discovery issues"); Dkt. No. 79 (further describing the outstanding discovery). Given the delays already in this case, Plaintiff has not shown that he would suffer prejudice from the short delay necessary for the Court to decide the motion.

The stay will expire upon the issuance of an order sustaining, in whole or in part, the Amended Complaint. The parties are directed to submit a proposed revised Case Management Plan and Scheduling Order within seven days of any such order.

SO ORDERED.

Dated: February 3, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge